# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FT. LAUDERDALE DIVISION

| | |
|---|---|
| BARBARA FISHMAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) |
| | ) NO. _____ |
| C. R. BARD, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

COMES NOW Barbara Fishman as Plaintiff herein and hereby files this Complaint, showing the Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff is a citizen of the State of Florida.

2.

Defendant C. R. Bard, Inc. ("Defendant") is a New Jersey corporation with its principal place of business in New Jersey. All acts and omissions of Defendant as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

3.

Plaintiff is seeking damages in excess of $75,000.00.

Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

4.

Defendant has significant contacts with the Southern District of Florida such that it is subject to personal jurisdiction within said district.

5.

A substantial part of the events and omissions giving rise to Plaintiff's causes of action occurred in the Southern District of Florida.

6.

Pursuant to 28 U.S.C. § 1391(a), venue is proper in the Southern District of Florida.

FACTUAL BACKGROUND

7.

Plaintiff was implanted with the Avaulta Plus Anterior BioSynthetic Support System and Align TO Trans-obturator Urethral Support System (the "Products") during surgery performed by Dr. Anthony Chidiac at Broward General Medical Center in Ft. Lauderdale, Florida.

8.

The Products were implanted in Plaintiff to treat her pelvic organ prolapse and stress urinary incontinence, the uses for which the Products were designed, marketed and sold.

9.

As a result of having the Products implanted in her, Plaintiff has experienced significant mental and physical pain and suffering, has sustained permanent injury, and permanent and substantial physical deformity, has undergone or will undergo corrective surgery or surgeries, and has suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, present and future lost wages, and other damages.

10.

Defendant designed, manufactured, marketed, packaged, labeled, and sold the Avaulta Plus Anterior BioSynthetic Support Systems and Align TO Trans-obturator Urethral Support System, including the Products that were implanted in Plaintiff.

CAUSES OF ACTION

COUNT I: NEGLIGENCE

11.

Plaintiff incorporates by reference paragraphs 1-10 of this Complaint as if fully set forth herein.

12.

Defendant had a duty to individuals, including Plaintiff, to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling the Products.

13.

Defendant was negligent in failing to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling the Products.

14.

As a direct and proximate result of Defendant's negligence, the Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, present and future lost wages, and other damages.

COUNT II: STRICT LIABILITY – DESIGN DEFECT

15.

Plaintiff incorporates by reference paragraphs 1-10 of this Complaint as if fully set forth herein.

16.

The Products implanted in Plaintiff were not reasonably safe for their intended uses and were defective as a matter of law with respect to their design.

17.

As a direct and proximate result of the Products' aforementioned defects, Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic

loss, including, but not limited to, obligations for medical services and expenses, present and future lost wages, and other damages.

18.

Defendant is strictly liable to Plaintiff for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

## COUNT III: STRICT LIABILITY - MANUFACTURING DEFECT

19.

Plaintiff incorporates by reference paragraphs 1-10 of this Complaint as if fully set forth herein.

20.

The Products implanted in Plaintiff were not reasonably safe for their intended uses and were defective as a matter of law with respect to their manufacture.

21.

As a direct and proximate result of the Products' aforementioned defects, Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, present and future lost wages, and other damages.

22.

Defendant is strictly liable to Plaintiff for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

### COUNT IV: STRICT LIABILITY - FAILURE TO WARN

23.

Plaintiff incorporates by reference paragraphs 1-10 of this Complaint as if fully set forth herein.

24.

The Products implanted in Plaintiff were not reasonably safe for their intended uses and were defective as a matter of law due to their lack of appropriate and necessary warnings.

25.

As a direct and proximate result of the Products' aforementioned defects, Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, present and future lost wages, and other damages.

26.

Defendant is strictly liable to Plaintiff for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

## COUNT V: BREACH OF EXPRESS WARRANTY

27.

Plaintiff incorporates by reference paragraphs 1-10 of this Complaint as if fully set forth herein.

28.

Defendant made assurances to the general public, hospitals and health care professionals that the Products were safe and reasonably fit for their intended purposes.

29.

Plaintiff and/or her health care provider chose the Products based upon Defendant's warranties and representations regarding the safety and fitness of the Products.

30.

Plaintiff, individually and/or by and through her physician, reasonably relied upon Defendant's express warranties and guarantees that the Products were safe, merchantable, and reasonably fit for their intended purposes.

31.

Defendant breached these express warranties because the Products implanted in Plaintiff were unreasonably dangerous and defective and not as Defendant had represented.

32.

Defendant's breach of its express warranties resulted in the implantation of unreasonably dangerous and defective

products in Plaintiff's body, placing Plaintiff's health and safety in jeopardy.

33.

As a direct and proximate result of Defendant's breach of the aforementioned express warranties, Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, present and future lost wages, and other damages.

## COUNT VI: BREACH OF IMPLIED WARRANTY

34.

Plaintiff incorporates by reference paragraphs 1-10 of this Complaint as if fully set forth herein.

35.

Defendant impliedly warranted that the Products were merchantable and were fit for the ordinary purposes for which they were intended.

36.

When the Products were implanted in Plaintiff to treat her pelvic organ prolapse and stress urinary incontinence, the Products were being used for the ordinary purposes for which they were intended.

37.

Plaintiff, individually and/or by and through her physician, relied upon Defendant's implied warranty of merchantability in consenting to have the Products implanted in her.

38.

Defendant breached these implied warranties of merchantability because the Products implanted in Plaintiff were neither merchantable nor suited for their intended uses as warranted.

39.

Defendant's breach of its implied warranties resulted in the implantation of unreasonably dangerous and defective products in Plaintiff's body, placing said Plaintiff's health and safety in jeopardy.

40.

As a direct and proximate result of Defendant's breach of the aforementioned implied warranties, Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, present and future lost wages, and other damages.

## COUNT VII: PUNITIVE DAMAGES

41.

Plaintiff incorporates by reference paragraphs 1-40 of this Complaint as if fully set forth herein.

42.

Defendant knew or should have known that the Products were defective and presented unreasonable risks of harm to Plaintiff.

43.

Defendant's conduct as described in this Complaint, for which Plaintiff is entitled to recover compensatory damages, manifested a conscious indifference to, and/or flagrant disregard of, the safety of those persons who might foreseeably have been harmed by the Products, including Plaintiff, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff demands trial by jury, judgment against Defendant for compensatory and punitive damages in an amount exceeding $75,000, as well as costs, attorney fees, interest, or any other relief, monetary or equitable, to which she is entitled.

PLAINTIFF DEMANDS A TRIAL BY JURY.

                                        **WILNER HARTLEY & METCALF, P.A.**
                                        Attorneys for Plaintiff

                                        x _/s/ Norwood S. Wilner_
                                        Norwood S. Wilner
                                        Florida Bar No. 222194
                                        Stephanie J. Hartley
                                        Florida Bar No. 0997846

444 E. Duval St.
Jacksonville, FL 32202
904-446-9817